Núm. 8096.—Pueblo, apldo. *v.* Sánchez, aplte.— Julio 19, 1940.

(Por la Corte, a propuesta del Juez Asociado Sr. Hutchison.)

Por cuanto, los únicos errores señalados son los siguientes:

"1. La acusación, en los términos en que está redactada, no imputa delito público por cuanto en ella no se alega que el acusado actuara 'maliciosamente', elemento esencialísimo del delito de mutilación.

"2. La corte de distrito cometió error al declarar sin lugar la moción de nuevo juicio presentada por este acusado basada en que dicha corte erróneamente informó al jurado acerca de los puntos de derecho aplicables a la causa y en que el veredicto del jurado es contrario a derecho y a la prueba.

"3. La corte de distrito erró al permitir al fiscal de distrito impugnar con la declaración de Santiago Guzmán la declaración de su propio testigo Mateo Pérez."

Por cuanto, en la acusación se alega que Francisco Sánchez, ". . . ilegal, voluntariamente y con intención criminal, acometió y agredió con un instrumento cortante al ser humano Santiago Guzmán, infiriéndole una herida de carácter grave . . ."

Por cuanto, el inciso cuarto de la sección 559, lee como sigue: (Código Penal, ed. 1937.)

"Las palabras 'malicia', 'maliciosamente', denotan la comisión de un acto dañoso, intencionalmente, sin justa causa o excusa,—la esciente infracción de la ley, en perjuicio de otro."

Por cuanto, las palabras empleadas en la acusación "con intención criminal", equivalen sustancialmente a las palabras "con malicia" o a la palabra "maliciosamente"; y en todo caso, el acusado no fué convicto del delito de mutilación imputádole en la acusación, sino del delito de acometimiento y agresión grave definido en las secciones 1 y 6 de la Ley de marzo 10, 1904, " . . . para determinar y castigar . . . acometimiento y agresión con circunstancias agravantes . . ." (Código Penal, ed. 1937, pág. 155).

Por cuanto, el apelante no discute en su alegato los méritos del primer fundamento de su moción de nuevo juicio en la corte de distrito y en cuanto al segundo fundamento de dicha moción, se

trata de un conflicto en la prueba resuelto por el jurado y examinada la prueba no encontramos que el juez de distrito haya abusado de su discreción al declarar sin lugar la referida moción.

POR CUANTO, atendidos los hechos, y circunstancias especiales del caso, el supuesto error especificado en el tercer señalamiento, si existe, carece de importancia suficiente para justificar por sí una revocación de la sentencia.

POR TANTO, se confirma la sentencia que dictó la Corte de Distrito de San Juan en junio 19, 1939.

El Juez Asociado Sr. De Jesús no intervino.